**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISIONAT LAFAYETTE**

FONDA JACQUELINE KILLEBREW,    )
   Plaintiff,    )
         )
  v.    )   CAUSE NO.: 4:26-CV-19-JEM
         )
DR. JOSEPH SHINN,    )
   Defendant.    )

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss [DE 5], filed December 11, 2025. Defendant moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.  Procedural Background

On November 14, 2025, Plaintiff filed a complaint alleging medical malpractice against Defendant. On December 11, 2025, Defendant filed a motion to dismiss based on a lack of subject matter jurisdiction arguing that since Plaintiff's medical malpractice claim has not been reviewed by the Medical Review Panel as mandated by the Indiana Medical Malpractice Act it is premature. Plaintiff did not respond, and the time to do so expired. On January 14, 2026, Plaintiff was notified that if she did not respond by January 28, 2026, the matter may be ruled on summarily. [DE 11]. Plaintiff did not file a response.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II.  Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d

1

1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)).

## III.    Analysis

In the instant Motion, Defendant argues that Plaintiff failed to wait until the Medical Review Panel had fully reviewed her malpractice claim before filing this suit, and that since the requirement that malpractice claims be reviewed is jurisdictional this case must be dismissed.

The Indiana Medical Malpractice Act, Indiana Code § 34-18-8-4, provides that a plaintiff asserting a medical malpractice claim must present that claim to a medical review panel under the

2

Act before the plaintiff may proceed in court. *See* Ind. Code § 34-18-8-4. The Indiana Medical Malpractice Act prevents an action from being brought "in court against a health care provider until both the claimant's proposed complaint has been presented to a medical review panel, and an opinion is given by the panel." *Kho v. Pennington*, 875 N.E.2d 208, 211 (Ind. 2007). An action "must be dismissed without prejudice for failure to comply with the Indiana Medical Malpractice Act" if suit is filed before the claims have been submitted to the panel. *Knoblett v. Kinman*, 623 F. Supp. 805 (S.D. Ind. 1985).

Plaintiff filed a claim for malpractice with the Indiana Department of Insurance on June 6, 2025. Defendant represents that as of the time of the filing of the instant motion, no panel had yet been formed, no review had been conducted, and no opinion has been issued.

Because this case was filed in federal court without prior submission to a medical review panel as required by the Act, the complaint fails to state a claim upon which relief can be granted under Indiana law and must be dismissed without prejudice. *Reed v. Rodarte*, No. 2:11 CV 153, 2013 WL 594107 (N.D. Ind. Feb. 14, 2013).

**V.    Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion to Dismiss [DE 5] and **ORDERS** that Plaintiff's Complaint is **dismissed without prejudice**.

SO ORDERED this 19th day of March, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record
Plaintiff, Fonda Jacqueline Killebrew, *pro se*

3